WALTER S. CUSHING *vs.* GEORGE H. WEBB.

Somerset.　Opinion November 30, 1906.

*Ways. Petitions. Description of Ways. Jurisdiction of Selectmen. Notice. Selectmen's Return. Evidence. Prima Facie Presumptions. R. S., 1883, chapter 18, section 14; R. S., 1903, chapter 23, section 1.*

1.　A petition for a way is necessary to give selectmen jurisdiction to lay out a town way under the statute.

2.　The way must be described in the petition, and with such definiteness that, when notice of it is given, the public and property owners will be apprised with reasonable certainty where the way is sought to be located.

3.　The selectmen's return is prima facie evidence of the fact that they gave notice on the petition, and also, of such other facts as were required by law to be embraced in the notice, such as that the notice contained a description of the way, and what it was.

4.　In a case where the original petition is not in existence, and the return of the selectmen states that it was for a town way, "beginning on the north side of West Front Street, and running towards the Kennebec river," that they gave notice of their intention to lay out " the same," and that they stated in their notice the " termini thereof," and when it appears that the use of the way has been acquiesced in many years, it is *held* that there is a prima facie presumption, at least, that the petition was sufficient in form to give the selectmen jurisdiction to act, and it is not open to collateral attack.

5.　In such a case, it is also to be presumed that the laying out was in accordance with the petition.

6. In such a case it is no objection that the way as laid out consisted of two streets running at an angle with each other, which were described separately in the return, but connecting and forming one way, it not being shown that the petition with the termini named in it called for only one street substantially in one direction. The presumption as to the petition is otherwise.

7. The acceptance by the town of a "road as laid out by the selectmen from "West Front Street to Alder Street" was sufficient though it appears that the road consisted of two connecting streets, running at an angle with each other.

On agreed statement of facts. Judgment for defendant.

Action of trespass quare clausum fregit for breaking and entering the plaintiff's close, the same being a lot on the south side of the Kennebec River in the village of Skowhegan. The defendant was the duly qualified road commissioner for the town of Skowhegan on the day of the entry. He admitted the entry but claimed a justification by reason of the fact that the locus was within the limits of Bridge Street which he claimed was a duly located town way in Skowhegan. The existence of such a way was denied by the plaintiff. This raised the issue whether or not Bridge Street was ever legally laid out as a town way, and so accepted by the town.

At the March term, 1906, of the Supreme Judicial Court, Somerset County, an agreed statement of facts was filed and the case sent to the Law Court for determination with the agreement that if the entry by the defendant was without authority of law judgment should be rendered for the plaintiff for nominal damages ; otherwise judgment to be for the defendant.

All the material facts are stated in the opinion.

*Gould & Lawrence,* for plaintiff.

*Butler & Butler,* for defendant.

SITTING:  WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SAVAGE, J.  Trespass quare clausum.  The title of the plaintiff and the entry by the defendant are admitted.  The defendant, who was the road commissioner of Skowhegan, claims a justification by reason of the fact that the locus was within the limits of Bridge Street, a duly located town way in Skowhegan.  The existence of

such a town way is denied by the plaintiff. The only question raised is whether Bridge Street was ever legally laid out as a town way, and so accepted by the town.

The records of the town show that in 1885 and 1886 proceedings relative to the location of a town way or ways in Skowhegan village were had, as shown by the return of the selectmen and the warrant for a town meeting and the vote of the town thereon, as follows, so far as necessary to quote :—

" The subscribers, selectmen of Skowhegan, upon application of James B. Dascomb and others to lay out a town way in said town, beginning on the north side of West Front Street and running towards the Kennebec river, having given seven days' notice of our intentions to lay out the same and stated in said notice the termini thereof by posting said notice in two public places. . . . .

" We therefore lay out said way as follows : Beginning in the northerly side of West Front Street at the southerly corner of George W. Durrell's lot and 20 feet easterly from said corner ; thence north 15 degrees west 12 rods ; thence north 19 degrees west 41 rods ; all of said distances are over the land of John Turner.

" Said line is the center line and said street is to be forty feet wide.

" Also another street leading easterly from the above street. Beginning at the southwesterly corner of the Morrill lot and one and one half rods southerly from said corner, thence north fifty seven degrees east 15 rods over land of John Turner to line between said Turner and land belonging to the Parker estate to Alder Street : said line is the center line and said street is to be three rods wide . . . . ." This return was signed by the selectmen, and was dated February 15, 1886. The road laid out in the second of the above descriptions is Bridge Street, and is the locus of the entry complained of.

The warrant for the annual meeting of 1886 contained the following article :—

"To see if the town will vote to accept the following roads as laid out by the selectmen. First, a road from West Front Street to Alder Street."

Under that article the following vote was passed : —

"Voted to accept the road as laid out by the selectmen, a road from West Front Street to Alder Street."

It is admitted that the original petition asking for the laying out of the road from West Front Street towards the Kennebec River is not now in existence, having been lost or destroyed.

A reference to the accompanying sketch will show the situation more plainly.

*a b. First description in return of Selectmen.*

The statute, R. S., 1883, ch. 18, sect. 14, under which the selectmen acted is as follows: "The municipal officers of a town may personally or by agency lay out, alter or widen town ways and private ways, . . . . on petition therefor. They shall give written notice of their intentions to be posted for seven days, in two public places in the town and in the vicinity of the way, describing it in such notice, . . . ."

The plaintiff claims that the record is insufficient to show a legal laying out, in four particulars:—first, that the petition was insufficient for lack of definiteness, to confer jurisdiction on the selectmen ; again, that the notice given by the selectmen was insufficient because it failed to warn property holders of any specific way which could be ascertained with any reasonable certainty; then that the actual laying out was not justified by the petition ; and finally that the road was never accepted by the town.

It is evident that a petition for a way is necessary to give selectmen jurisdiction to lay out a way under the statute.    And we think also that such a petition must be so definite that when notice of it is given, the public and property owners will be apprised with reasonable certainty where the way is sought to be located.    While the statute does not in terms require the petition to describe the way, as it does in cases of petitions to the county commissioners for the laying out of highways, R. S., ch. 23, sect. 1, it does require the selectmen to describe the way in their notice.    And as their jurisdiction is based upon the petition, it is reasonably to be implied that the way must be described in the petition.    For unless a way is described in the petition, there is no proposed way to be described in the notice, and the selectmen would be without jurisdiction to give notice.

In this case there was a petition, but it is now lost, and the plaintiff seems to rely upon the inability of the defendant to prove affirmatively that the petition did describe the way with sufficient definiteness.    But we do not think this difficulty is insurmountable.    The selectmen's return is prima facie evidence of the fact that they gave notice on the petition, and also, we think, of such other facts as were required by law to be embraced in the notice, such as that the notice contained a description of the way, and what it was.    *Cool* v. *Crommet*,

13 Maine, 250; *Inh'b'ts of Limerick, Pet'rs.* 18 Maine, 183. This return states that the petition was for a town way "beginning on the north side of West Front Street and running towards the Kennebec river," that they gave notice of their intentions to lay out "*the same,*" and that they stated in their notice the "*termini thereof,*" that is, the termini of the way asked for in the petition, and as asked for. The return therefore shows that the selectmen gave notice of their intentions to lay out a way beginning at West Front Street and running towards the Kennebec river, and therein stated the termini. That must be held to be sufficient, so far as notice was concerned. *Packard* v. *County Comr's,* 80 Maine, 44; *Hayford* v. *County Comr's,* 78 Maine, 156. And while we do not say that the return should be deemed evidence of the contents of the petition unless incorporated therein by reference or otherwise, we think that when it appears by the return of selectmen that they acted upon a petition for a way, in a general course, which they state, and that they stated in their notice "the termini thereof," meaning as we have stated, the termini of the way as asked for, and when the use of the way has been acquiesced in for many years, there is a prima facie presumption at least, that the petition was sufficient in form to give the selectmen jurisdiction to act. *Harlow* v. *Pike,* 3 Maine, 438; *Larry* v. *Lunt,* 37 Maine, 69. It is not now open to collateral attack. *Higgins* v. *Hamor,* 88 Maine, 25. This disposes of the first two objections.

And if our conclusions so far are sound, there is little difficulty with the remaining ones. To the objection that the actual laying out was not justified by the petition, it is sufficient to say that for the reasons already given, it is now to be presumed that the laying out was in accordance with the petition. It is no objection that the way as laid out consists of two streets, which are described separately in the return. They connect and form one way. The argument that the way as laid out had more than two termini, that is that each street had two termini, and therefore was not the way as petitioned for, would be sound, if it were shown that the petition with the termini named in it called for only one street substantially

in one direction. But that is not shown, and the presumption now is otherwise.

Finally, the town accepted the road as laid out, namely from West Front Street to Alder Street. This was one way, though it consisted of two connecting streets, one of which was Bridge Street, the locus in this action. The only objection, as it seems to us, is that the acceptance in terms did not include so much of the first street laid out as lay northerly of Bridge Street. Whatever might be said about this section of the first street, we do not think it can now be properly held that Bridge Street was not accepted.

*Judgment for the defendant.*